IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BAHJI AMELIA ADAMS,

                    Plaintiff,

v.                                                 1:07-cv-2924-WSD-CCH

STATE OF GEORGIA et. al,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Hagy's Order [4] granting Plaintiff Bahji Amelia Adams' ("Plaintiff") request to proceed *in forma pauperis* and seeking a frivolity determination under 28 U.S.C. § 1915(e)(2).

## I.      BACKGROUND

In this action, Plaintiff seeks to challenge various decisions in state court concerning the custody of her children and other domestic relations issues.  On November 13, 2007, Plaintiff filed a "Motion for In Pauperis Forum/Judicial Notice" [1] ("Motion for IFP"), including an "Affidvivant [sic] in Support of Motion to Proceed Pauper/Objection" ("Affidavit in Support of IFP"), and Complaint [2].  On November 26, 2007, Plaintiff filed an "Affidavant [sic] in Support of Violation of Civil Rights, Obstruction of Justice, and Other Applicable

Laws" [3] ("Affidavit in Support of Civil Rights").  The following day, November

27, 2007, Magistrate Judge Hagy issued an Order [4] ("November 27 Order")

granting Plaintiff's request to proceed *in forma pauperis* and referring Plaintiff's

Complaint to this Court for a determination of frivolity.  Between November 27,

2007 and December 7, 2007, Plaintiff subsequently filed at least four objections to

the Magistrate Judge's November 27 Order (collectively, "Plaintiff's Objections").

On December 7, 2007, Plaintiff also filed a Motion for Change of Venue [11].

Defendants State of Georgia, City of Marietta, Cobb County Courts, Judge George

H. Krieger, Judge Kenneth Nix, Scott M. Kaye, Adam Todd George, James

George, Katie Holder, Matt George, Jane Doe, and John Doe (collectively,

"Defendants") have not entered an appearance or made any filing in this action.

## II.    STANDARD OF REVIEW

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a judge's report

and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d

732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall

make a *de novo* determination of those portions of the report or specify proposed

findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1)(c).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert</u>. <u>denied</u>, 464 U.S. 1050 (1984).

## III.   DISCUSSION

### A.   <u>*In Forma Pauperis* application</u>

Plaintiff claims she is indigent and seeks to be granted *in forma pauperis* status so she may prosecute her claims.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1), which states that an individual may proceed without prepayment of fees upon submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Despite Plaintiff's "objections" to the "denial of IFP", it is

clear that the objections disputing denial of IFP were filed erroneously.[1]  The Court will instead consider that portion of the November 27 Order as unobjected to, and after a plain error review, the Court adopts the Magistrate Judge's order granting Plaintiff leave to proceed *in forma pauperis*.

B.    <u>Motion to Dismiss</u>

The Court next reviews Plaintiff's repetitive filings and affidavits to determine whether this Court has jurisdiction and whether Plaintiff has a viable claim.  Before assessing the validity of any claim, a court must first determine whether it has subject-matter jurisdiction over the dispute.  After reviewing Plaintiff's confusing, sometimes indecipherable and often redundant motions, it is unclear to this Court on what basis Plaintiff is asserting federal jurisdiction.

Plaintiff appears to be bringing suit on the basis of a Cobb County court

---

[1] It appears that Plaintiff is bringing the same suit twice and has simply re-filed a document initially submitted in her prior suit, Case 1:07-mi-0251-WSD-CCH.  In that case, the Magistrate Judge recommended denying Plaintiff's request to proceed *in forma pauperis*, to which Plaintiff filed her objections.  On review of the Magistrate Judge's Report and Recommendation, this Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed the action for, *inter alia*, lack of jurisdiction.  While the Plaintiff's Complaint in this case names 12 additional individuals as defendants, one of the individuals is Adam Todd George, the defendant in the first action and the defendant in the state court cases at issue here.

proceeding involving custody of her son.[2]  Plaintiff appears to allege fraud and

deceit on the part of Defendant's counsel during the state court proceedings, and

alleged complicity, fraud, and due process violations on the part of the state court

and the state court judge.  See Complaint at 8-9 ("The result is judicial-attorney

conspiracy to commit child support fraud and further unlawful deprivations of

property without due process, all in violation of the Constitution and FEDERAL

[sic] law.").  Additionally, Plaintiff alleges that the state court judge violated her

rights under the Americans with Disabilities Act ("ADA") by not granting Plaintiff

a continuance and other unspecified "reasonable accommodations" due to

Plaintiff's alleged disability.[3]  Plaintiff appears to seek removal of the state court

---

[2] It is well-settled that federal courts do not have jurisdiction over cases
regarding domestic relations.  See Kirby v. Mellenger, 830 F.2d 176, 177-78 (11th
Cir. 1987).

[3] Plaintiff alleges that she has a "TBI", Traumatic Brain Injury, of which she
is still recovering, that has reduced her to an eighth-grade reading level.  Plaintiff
also alleges that "she NEVER [sic] waived her right to an attorney."  Compl. at 6.
Title II of the ADA states that "no qualified individual with a disability shall, by
reason of such disability, be excluded from participation in or be denied the
benefits of the services, programs, or activities of a public entity, or be subjected to
discrimination by any such entity."  42 U.S.C. § 12132.  The Supreme Court has
held that Title II applies to the courts where the fundamental right of access to the
courts is implicated.  See Tennessee v. Lane, 541 U.S. 509 (2004).  There is
nothing in the record to indicate Plaintiff was prohibited from retaining counsel or
having counsel appointed to represent her in her state court case, assuming it was

proceedings to federal court, as well as compensatory and punitive damages.  No rational interpretation of Plaintiff's filings can support any of these allegations or the request for removal.  Rather, it appears to the Court that Plaintiff, dissatisfied with the process and results in the state court litigation, seeks to remove wholly state actions to federal court.  This is expressly prohibited by *Younger* abstention.[4]

"Federal courts should abstain from exercising their jurisdiction if doing so would disregard the comity between the States and the National Government." Wexler v. Lenore, 385 F.3d 1336, 1339 (11th Cir. 2004).  "For abstention to be triggered, (1) the federal injunction must create an undue interference with state proceedings, and (2) the state proceedings at issue must involve certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  Shapiro v. Ingram, 207 Fed. App'x. 938, 939 (11th Cir. 2006) (citation omitted).  The Eleventh Circuit has interpreted the *Younger* doctrine as "preventing federal courts from being the grand overseers of state courts and court-like

---

appropriate for counsel to have been appointed.  There is also no indication that Plaintiff's access to the court was impeded in the state court proceedings.

[4] After review of the dockets of Plaintiff's cases in Cobb County Superior Court, it appears to the Court that the state court proceedings are still ongoing.  To the extent that any state court proceedings are final or become final, federal review of Plaintiff's claims would be barred by the *Rooker-Feldman* doctrine.

administration."  Id.  While initially only applicable in criminal proceedings,

*Younger* abstention has been held to apply to civil proceedings.  See Id.; Wexler,

385 F.3d at 1339.  The Supreme Court has found that the principles of *Younger*

also apply in the context of state child custody cases involving child abuse.  See

Moore v. Sims, 442 U.S. 415 (1979).  Applying the Supreme Court's analysis, the

Eleventh Circuit has held that under *Younger* and *Sims*, federal district courts may

not interfere with ongoing child custody proceedings.  See Lieder v. Juvenile Court

of Madison County, Alabama, 891 F.2d 1542, 1546 (11th Cir. 1990).

There are, however, exceptions to *Younger*, where the federal court need not

abstain despite pending state proceedings.  See Moore, 442 U.S. at 424.  These

exceptions include where a party could not have raised his claim in the state court

proceeding, or where the state proceeding is conducted in bad faith.  See Lieder,

891 F.2d at 1546 n. 7; Moore, 442 U.S. at 424 ("*Younger*, and its civil counterpart

which we apply today, do of course allow intervention in those cases where the

District Court properly finds that the state proceeding is motivated by a desire to

harass or is conducted in bad faith . . . .") (citation omitted).  In this case, neither

exception applies.

Plaintiff's alleged federal claims include violations of due process during the course of her divorce and custody proceedings, as well as discrimination by the state court judge due to Plaintiff's alleged disability.  As discussed, *supra*, a district court may not interfere with ongoing child custody proceedings.  These matters involve important state policies and are entirely within the state's interest in domestic and custody proceedings.  Plaintiff's allegations of discrimination and due process violations are also entirely without merit.  There is no evidence that the state court proceeding was conducted in bad faith, nor is there evidence of bad faith on the part of the state court judge.  Simply alleging violations of due process or discrimination does not make them true.  It is clear to the Court that Plaintiff is seeking to overturn the state court judge's ruling in an ongoing state domestic proceeding.  Whether or not to grant a continuance is entirely within the state court judge's judicial functions, and any other decisions regarding the divorce or custody are also within the state court's discretion, subject to a finding of bad faith, which is not present here.  Any action by this Court "would unduly interfere with state court proceedings."  Shapiro, 207 Fed. App'x at 940.

Plaintiff's claim that she is entitled to a continuance under the ADA is also without merit.  Though the Supreme Court has held in Tennessee v. Lane that Title

-8-

II of the ADA applies to access of the courts, <u>Lane</u> does not apply here.  In <u>Lane</u>,

two paraplegic plaintiffs alleged that they were denied meaningful access to the

courts as a result of a court compelling their attendance at a court proceeding

located on the upper floor of a courthouse that had no elevator.  In that case,

plaintiffs did not seek to challenge that order, but rather sought to use the order as

evidence of Tennessee's failure to properly train its judicial officers.  <u>Lane</u>, 541

U.S. at 514.  An Eastern District of Pennsylvania case is more on point.   In

<u>Keckeissen v. Commonwealth of Pennsylvania</u>, 2005 WL 3508624 (E.D.Pa. 2005),

a plaintiff suffering from post-traumatic stress and depression argued that the

judge's failure to grant him a continuance prevented him from presenting his child

custody case and thus obtaining the benefits of the court's services.  <u>Id</u>. at *2 n.5.

While the court in that case found plaintiff's claim "inextricably intertwined" with

the state court proceeding, warranting dismissal under the *Rooker-Feldman*

doctrine, the court's analysis also applies here.  The court explained:

> Any injunctive or monetary relief awarded to plaintiff would require
> the Court to first reach the conclusion that the state court judge
> wrongly denied plaintiff's request for a continuance, and/or that the
> judge should not have awarded plaintiff's wife full physical and legal
> custody of their children.  Thus, it is abundantly clear that plaintiff is
> seeking relief that is inextricably intertwined with the state court
> proceedings.

Id. at *3.  The court went on to note that, as in this case, issues of domestic relations and child custody are almost exclusively the province of the states.  See id.  Any finding by this Court that the state court judge wrongly denied plaintiff's request for a continuance would create undue interference with an ongoing state court proceeding, and interfere with the state court's ability to perform its judicial functions.[5]  This is expressly prohibited by *Younger*.

Plaintiff's claims also are required to be dismissed under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) requires a court to dismiss an *in forma pauperis* case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim on which relief may be granted; or (4) the action seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  It is clear to this Court that Plaintiff's claims fail to state a claim on which relief may be granted.[6]

---

[5] Plaintiff has even quoted the state court judge as saying that he "saw no need for a continuance based on a disability."  Compl. at 5. Plaintiff's numerous and voluminous filings appear to support that finding.

[6] It appears to the Court that Plaintiff's claims are also frivolous, and should be dismissed for that reason as well.  A complaint is frivolous "where it lacks an arguable basis either in law or in fact . . . .[W]hen applied to a complaint, [frivolous] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Plaintiff cites countless and often irrelevant statutes, case law, and constitutional provisions.

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Plaintiff alleges there is federal jurisdiction "when a person 'is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" Compl. at 14. That is not the case here.

Plaintiff does not provide any credible or specific facts to support her allegations. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss [for failure to state a claim upon which relief can be granted] does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). See also Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations,

---

This does not satisfy her obligation to provide the grounds of her entitlement to any relief. No coherent legal argument or credible allegations are made anywhere in Plaintiff's pleadings or other submissions.

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").  Neither Plaintiff's rhetoric nor the sheer number of her allegations of alleged impropriety by the state court judge or other individuals–without legitimate and proper factual support–warrants either removing this case to federal court or usurping the state court's jurisdiction over domestic matters.  Any alleged misconduct on the part of her husband or her husband's counsel is appropriately addressed by the state court–which is fully competent to adjudicate such matters.  Plaintiff's allegations against the state court judge and other state officials are without merit.  Plaintiff's "action" fails to state a claim on which relief can be granted.[7]

## IV.   CONCLUSION

Accordingly,

---

[7] To the extent damages are sought against a state court judge, it should be noted that state court judges have "absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."  Shapiro, 207 Fed. App'x at 940.  Federal courts do not have jurisdiction over cases regarding domestic relations, and any claim for damages against the state court judges is barred.  The Court notes further that there are various reasons other of the defendants cannot be sued in this action. Because the Court dismisses this action for other reasons, these other issues are not required to be addressed.

**IT IS HEREBY ORDERED** that Plaintiff's Objections [6, 9, 11, 12] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [2] and Motion to Change Venue [11] are **DISMISSED**.

**SO ORDERED** this 5th day of March, 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE